# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3661

_____

| | | |
|---|---|---|
| Hector Hinojosa Aguilar, | * | |
| | * | |
| Petitioner, | * | |
| | * | Petition for Review of an |
| v. | * | Order of the Board of |
| | * | Immigration Appeals. |
| John Ashcroft, et al., | * | |
| | * | **[UNPUBLISHED]** |
| | * | |
| Respondents. | * | |

_____

Submitted:  December 19, 2003

Filed:  January 26, 2004

_____

Before LOKEN, Chief Judge, WOLLMAN and HANSEN, Circuit Judges.

_____

PER CURIAM.

Hector Hinojosa Aguilar is a native of Mexico who entered the United States without inspection in 1987.  In December 1991, Hinojosa Aguilar returned to Mexico and attempted to reenter the United States the same day.  Immigration officers stopped Hinojosa Aguilar and forced him to return to Mexico.  He illegally reentered the United States the next day.  The INS commenced deportation proceedings in 1995.  Hinojosa Aguilar conceded deportability and requested suspension of deportation.  After a hearing, the immigration judge concluded that Hinojosa Aguilar is not eligible for that relief because he failed to maintain a continuous physical

presence in the United States for more than seven years before the INS issued its order to show cause. The Board of Immigration Appeals dismissed Hinojosa Aguilar's administrative appeal, and he now petitions this court for review of the BIA's final agency action.

This deportation proceeding was pending when Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 (1996). While retaining the continuous physical presence principle from prior law, Congress added the rule that an alien has not maintained continuous physical presence "if the alien has departed from the United States for any period in excess of 90 days." 8 U.S.C. § 1229b(d)(2). Under IIRIRA's transitional rules, this new rule applies to Hinojosa Aguilar's deportation proceeding. He argues that he is eligible for suspension of deportation under the statute as amended by § 1229b(d)(2) because his voluntary return to Mexico in December 1991 was for less than ninety days and therefore was not a break in his continuous physical presence in this country for more than seven years. The BIA disagreed, concluding in this and similar cases that (i) § 1229b(d)(2) was not intended to define the only means by which continuous physical presence may be broken, and (ii) an alien's voluntary departure under a threat of deportation proceedings interrupts the alien's continuous physical presence in this country.

Agreeing with the Fifth and Ninth Circuits, this court recently held that the BIA's interpretation of § 1229b(d)(2) is a reasonable construction of the statute that is within the Attorney General's substantial discretion in granting relief such as a suspension of deportation. Palomino v. Ashcroft, No. 02-3961, 2004 WL 63404, at *3 (8th Cir. Jan. 15, 2004). Palomino controls the issue raised in this case. Accordingly, the decision of the BIA is affirmed.

_____